PARSONS v. PARSONS et al.

No. 30443. March 16, 1943.

Rehearing Denied June 8, 1943. Application for Leave to File Second Petition for Rehearing Denied Oct. 12, 1943.

141 P. 2d 559.

Hadwiger & Hadwiger, of Alva, for plaintiff in error.

Mauntel & Spellman, of Alva, for defendants in error.

WELCH, J. Plaintiffs below, Calvin and Clara Parsons, sought cancellation of a sheriff's deed to certain lands and other relief. They alleged that they are husband and wife and have so been at all times herein referred to. The original petition alleged that plaintiff Calvin Parsons is the owner of a life estate in the lands, and that defendant held a sheriff's deed purporting to convey such life estate; that such deed was void because the legal proceedings leading to its issuance were void because not authorized by plaintiff therein, and certain alleged fraud.

During trial an amended petition was filed wherein it was alleged that plaintiff Calvin Parsons had never owned an interest in the land ". . . save and except the proceeds of the rents and profits derived from said land, during his natural life and no other, and that the title to said tract of land was at all times vested in the heirs of said Calvin Alvestes Parsons."

The amended petition also alleges the incompetency of Calvin Parsons during the course of the prior legal proceedings leading to the sale. No showing or allegation is made disclosing any present interest in the land in plaintiff Clara Parsons.

The land was previously owned by Calvin Parsons' mother, who died testate in 1908. Her will with respect to this land provided as follows:

"I give and bequeath to my son Calvin Arvestis Parsons the following, described property to wit: South west quarter of Section three Township twenty six range Fourteen containing One Hundred Sixty acres of land same to fall to the heirs of Calvin Arvestis Parsons at his death. It being my desire that Calvin Arvestis Parsons have all the revenue from said land during his life time and at his death to fall to his heirs."

After probate thereof and in 1909, the proper county court, upon hearing of final account, found or ordered as follows:

"The court further finds that the will provides that the real estate of said es-

tate to be distributed as follows: To the heirs of Calvin Arvestis Parsons the SW¼ of Sec. 3, Twp. 26, N. of Range 14, W. I. M. he to have the revenue to said land during his lifetime." '

Many years later, on November 6, 1941, and during the pendency of the present suit, the same county court made a purported final distribution of the estate upon the finding that no former final decree of distribution had been made, in which order and decree there appears distributed the following:

"To Calvin Arvestis Parsons, the following described property, to-wit: Southwest Quarter of Section Three Township Twenty-six Range Fourteen containing One Hundred Sixty acres of land, same to fall to the heirs of Calvin Arvestis Parsons at his death. It being testatrix' desire that Calvin Arvestis Parsons have all the revenue from said land during his life time and at his death same to fall to his heirs."

We think it is of small importance here which of such orders may be considered as controlling on the matter of distribution.

In 1936 one of the plaintiffs, Clara Parsons, obtained in the State of Washington an interlocutory decree of divorce from her husband, Calvin Parsons, the other plaintiff herein. That decree provided that the defendant therein, Calvin Parsons, pay an attorney's fee to the plaintiff's attorney. The attorney for plaintiff in the divorce suit instructed certain attorneys in Woods county, Okla., where this land is located, to proceed toward collection of the Washington judgment, whereupon suit was brought in Woods county in the name of Clara Parsons against Calvin Parsons. Therein Calvin Parsons' interest in this land was attached and summons was therein duly served upon said Calvin Parsons in the State of Washington. Judgment was therein obtained against Calvin Parsons, sale had, and sheriff's deed issued to defendant here, Vernon Parsons. The judgment, sale proceedings, and sheriff's deed are valid on the face. The trial court herein found that the plaintiff in the former Woods county case duly authorized the whole proceedings, and that no fraud was practiced in the suit or sale proceedings, and that the defendant there, Calvin Parsons, was duly served with summons and in addition had full and additional actual knowledge of the judgment and the time and place of sale. The court further found in this cause that Calvin Parsons was not incompetent. That defendant here, Vernon Parsons, was a bona fide purchaser for value at the sheriff's sale. Such findings are not against the clear weight of the evidence, but are fully supported thereby.

The trial court herein, after reciting the above-quoted language from the decree of the county court entered in 1909, further found that by such language the land was distributed to the heirs of Calvin Alvestes Parsons, and that legal title vested in them, impressed with a trust upon them to pay to him all rents and profits during his lifetime; but that he, Calvin Alvestes Parsons, never owned any legal interest in the land and had no attachable interest therein. The court further found, however, that said plaintiff was entitled to recover possession of said land and to a money judgment for prior years' rent. Such judgment was accordingly rendered in favor of the plaintiff and against the defendant, together with further judgment canceling the sheriff's deed of defendant.

Many points are urged upon this appeal by defendant for reversal of such judgment. Much of the briefs are devoted to the nature of the bequest as contained in the will and especially to the effect of the orders of the county court above referred to, all to the end of determining whether Calvin Parsons took a life estate in the land or whether he took no attachable interest therein, as concluded by the trial court.

We have no need to determine here whether he took a life estate or whether the land was held in trust as found by the trial court. The record shows without doubt that Calvin Parsons has been in exclusive possession of the land by tenant since the death of his mother to the time of sheriff's sale, and has taken

for his own use and benefit all the rents and profits therefrom. If a trust, Calvin Parsons is the sole beneficiary thereunder.

We think there is no doubt that Calvin Parsons took some right or interest in the land. Under title "Estates," 31 C. J. S., page 10, we find the following general statement which we consider helpful:

"As applied to property, the chief use of the term 'interest' seems to be to designate some right attached to property which either cannot, or need not, be defined with precision. It means the legal concern of a person in the thing or property, or in the right to some of the benefits or uses from which the property is inseparable.

"The word 'interest,' when applied to property, has a variable meaning to be determined in any case by the context, intention, and circumstances. It may be used as synonymous with 'estate' or 'title' or 'property' or it may be distinguishable from 'title' or 'estate.' An interest in property may comprehend the entire title thereto, as well as something less than the entire title. . . ."

We deem it unnecessary to quote the remaining lines of that text, but they are hereby referred to.

In 7 C. J. S. p. 251, par. 75, we observe this statement:

"While at common law an attachment, like an execution, would not run against land, at the present time real property of a defendant in attachment proceedings is generally liable to seizure under the process, unless by the terms of the statute it clearly appears that the intention of the Legislature is otherwise. However, the general rule is that for real property to be liable to attachment, it is necessary that it should be of such character that it would be liable to be seized under execution, and also that the defendant in the attachment proceedings has some right or title, legal or equitable, thereto."

And same text, page 252, a part of paragraph 78 as follows:

"While the bare legal title, or in-

stantaneous seizin, has been held insufficient to constitute an attachable interest at least as against the equitable owners, where the attaching party has, or is bound by law to take, notice of the paramount outstanding equitable title, real property within the meaning of the statutes has been held to include not only land and things erected or growing thereon, or affixed thereto, but all rights issuing out of, annexed to, and exercisable within or about, the land, and generally, real property rights are subject to attachment process, although the precise right or interest of defendant is unknown to both plaintiff and attaching officer at the time of seizure and sale."

And same text and title, a part of paragraph 82 as follows:

"While property held by a trustee, who is also the sole beneficiary under the trust, is attachable in an action against such trustee. . . ."

See case notes thereunder.

In 33 C. J. S. p. 167, a part of paragraph 36, appears the following:

"The general rule is that all possible interests in land, contingent or otherwise, which are real and substantial, are subject to seizure and sale on execution. . . ."

See, also, 33 C. J. S. p. 174, par. 41b.

This record discloses that Calvin Parsons owned in his own right some interest and estate in the land, including its use, for his exclusive benefit during his lifetime. Whatever that estate was it was effectively disposed of as to him in the attachment and sale proceedings. We have not been given citations of any authority to support the trial court's view and conclusion that such interest as was held by Calvin Parsons is immune or exempt from seizure upon attachment for payment of the judgment debt.

The judgment of the trial court is reversed, and the cause is remanded, with instructions to enter judgment in favor of defendant, quieting his title as against these plaintiffs.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, HURST, and DAVISON, JJ., concur. RILEY, OSBORN, and ARNOLD, JJ., absent.